T.C. Summary Opinion 2009-193

UNITED STATES TAX COURT

CHARLES AND KATHY A. WELKER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10595-09S.            Filed December 15, 2009.

Charles and Kathy A. Welker, pro sese.

<u>Michael T. Shelton</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' Federal income taxes for 2005, 2006, and 2007, of $7,563, $1,964, and $214, respectively. After concessions by petitioners,[2] the issue remaining for decision is whether petitioners are liable for the 10-percent additional tax imposed by section 72(t) on an early distribution received in 2005 from an individual retirement account.

## Background

All of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioners resided in the State of Illinois when the petition was filed.

In 2001 petitioner, Kathy A. Welker (Ms. Welker), left her employment with Illinois Bell Telephone Co. (Illinois Bell). Before leaving her employment, Ms. Welker received a distribution of $6,102 from a retirement plan, which amount was reported on a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., indicating that no known exception to the tax on early

---

[2] In the petition, petitioners state: "We are conceding all issues from the Notice of Deficiency with the exception of the [additional] tax on [the] qualified [retirement] plan in the amount of $6,625."

distributions from a qualified retirement plan applied. When Ms. Welker left Illinois Bell in 2001 she received a distribution from a retirement plan of $417,709, of which she rolled over $366,902 into an individual retirement account held in her name at A. G. Edwards & Sons (the IRA).

From 2001 through 2005 Ms. Welker received distributions from the IRA in the following amounts: $69,330; $44,200; $81,096; $80,039; and $66,248, respectively. Each of these amounts was reported on a Form 1099-R designating a distribution code 3 indicating an early distribution due to disability. The fair market value of the IRA account at the end of 2005 was $43,192.

From 2001 through 2003 Ms. Welker received wages from employment at a bookstore. During 2003 and 2004 Ms. Welker received unemployment compensation.

For 2005 Ms. Welker received a Form W-2, Wage and Tax Statement, and a Form 1099-MISC, Miscellaneous Income, reporting modest amounts of income. Petitioners timely filed a joint Federal income tax return for 2005 and reported a distribution from an IRA of $66,248.

In 2006 Ms. Welker began employment as an assistant nurse.

In a notice of deficiency respondent determined a deficiency in petitioners' Federal income tax for 2005 on the basis (in

part) of the section 72(t) 10-percent additional tax on an early distribution from an IRA.

In their petition, petitioners contest the additional tax on the grounds that the distribution was either attributable to Ms. Welker's being disabled or part of a series of substantially equal periodic payments. Petitioners allege that Ms. Welker "is a cancer survivor and left her job as a result of the cancer treatment." Petitioners did not appear at trial, and the case was submitted on the basis of the parties' stipulation of facts.

## Discussion

In general, the Commissioner's determination as set forth in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established their compliance with its requirements.[3] Accordingly, petitioners bear the burden of proof. See Rule 142(a).

---

[3] Regardless of whether the additional tax under sec. 72(t) is a penalty or an additional amount to which sec. 7491(c) applies and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent has satisfied his burden of production with respect to the distribution. See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

Section 72(t)(1) generally imposes a 10-percent additional tax on an early distribution from a qualified retirement plan, unless the distribution comes within one of the statutory exceptions under section 72(t)(2).  In their petition, petitioners allege that the additional tax should not apply, on the basis of the exceptions found in section 72(t)(2)(A)(iii) and/or (iv).[4]

Section 72(t)(2)(A)(iii) provides an exception for distributions "attributable to the employee's being disabled within the meaning of subsection (m)(7)".

Section 72(m)(7) defines the term "disabled" as follows:

> an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration.  An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

In determining whether a taxpayer is disabled, primary consideration is given to the nature and severity of the impairment.  Sec. 1.72-17A(f)(1), Income Tax Regs.  The regulation lists a number of examples of impairments that would ordinarily be considered to prevent a taxpayer's engaging in substantial gainful activity including "Cancer which is

---

[4]  Petitioners did not allege any of the other exceptions found in sec. 72(t)(2), nor do any of those other exceptions apply under the facts before us.

inoperable and progressive". Sec. 1.72-17A(f)(2)(iv), Income Tax Regs. The impairment must be evaluated in terms of whether it does, in fact, prevent the individual from engaging in his customary, or any comparable, substantial gainful activity considering the individual's education, training, and work experience. See sec. 1.72-17A(f)(1), Income Tax Regs.

Petitioners allege that Ms. Welker is a cancer survivor and that she left her job in 2001 as a result of the cancer treatment.[5] Although Ms. Welker may have had or may have cancer, the record is devoid of evidence regarding whether she received treatment or the extent of her illness in 2005. Though we are sympathetic to petitioners' position, on the limited record before us, which includes the fact that Ms. Welker began a new career in 2006 as an assistant nurse, we are unable to find that the distribution from the IRA in 2005 was attributable to Ms. Welker's being disabled within the meaning of section 72(m)(7).

Section 72(t)(2)(A)(iv) provides an exception for distributions that are part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee.

The Internal Revenue Code and the regulations thereunder do not elucidate what qualifies as a series of substantially equal

---

[5] "Ex parte affidavits, statements in briefs, and unadmitted allegations in pleadings do not constitute evidence." Rule 143(b).

periodic payments under section 72(t)(2)(A)(iv).  However, the Internal Revenue Service has promulgated guidance concerning this exception in Notice 89-25, Q&A-12, 1989-1 C.B. 662, 666.  The notice provides that payments will be considered substantially equal periodic payments if the payments are determined by one of three methods:  (1) The required minimum distribution method, (2) the fixed amortization method, or (3) the fixed annuitization method.  See Rev. Rul. 2002-62, 2002-2 C.B. 710 (reiterating that payments will be considered to be substantially equal periodic payments if they are made in accordance with one of the three methods described in Notice 89-25, <u>supra</u>).  Each of the three methods takes into account the taxpayer's life expectancy.  The Court is not bound by Notice 89-25, <u>supra</u>, but conforming to one of its methodologies may relieve a taxpayer of the 10-percent additional tax.  See <u>Arnold v. Commissioner</u>, 111 T.C. 250, 252 n.1 (1998).

The record does not identify which, if any, methodology petitioners used in calculating the amount of Ms. Welker's payments.  Petitioners did not provide any documentation demonstrating (or testimony explaining) how they determined the distribution amounts.  See <u>id.</u> at 252.  Ms. Welker received distributions from the IRA over a period of 5 years in irregular amounts ranging from $44,200 to $81,096.  In addition, although the record does not provide any evidence regarding Ms. Welker's

life expectancy, the balance of the IRA at the close of 2005 was only $43,192, an amount less than any of the prior distributions. Thus, on the basis of distribution history, Ms. Welker could only receive one such additional distribution before depleting the IRA. The variation in distribution amounts and the IRA balance at the close of 2005 establish that the distributions could not be substantially equal payments made for Ms. Welker's life expectancy.

We conclude, therefore, that petitioners are subject to the 10-percent additional tax under section 72(t)(1).

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.